IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> R.A.S.H., LLC, MARTIN JOHN PHIPPS, PHIPPS ANDERSON DEACON LLP, <br><br> Defendants. | CIVIL No. SA-20-CV-00942-XR |

**PLAINTIFF'S MOTION TO COMPEL RULE 26 INITIAL DISCLOSURES, PRODUCTION OF DOCUMENTS, AND SUBSTANTIVE INTERROGATORY RESPONSES FROM R.A.S.H., LLC, MARTIN JOHN PHIPPS, AND PHIPPS ANDERSON DEACON, LLP**

NOW COMES PNC Equipment Finance, LLC ("PNC"), and files this its Motion to Compel Rule 26 Initial Disclosures, Production of Documents from R.A.S.H., LLC, Martin John Phipps, and Phipps Anderson Deacon, LLP (the "Motion") pursuant to Rule 37 of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

**I.
SUMMARY OF THE MOTION**

1.      Defendant R.A.S.H, LLC, Martin John Phipps, and Phipps Anderson Deacon, LLP (collectively, the "Defendants") have wholly failed to comply with their discovery obligations in the above-styled case.  Specifically, Defendants failed to serve any Rule 26(a) initial disclosures by the agreed-upon deadline of November 8, 2020.[1] Additionally, Defendants have failed to object or respond to PNC's First Consolidated Request For Production of Documents and Interrogatories served on October 29, 2020.  Currently, Defendants have not produced a ***single document*** or

---

[1] *See* Joint Scheduling Report [Doc. # 6], pp. 2.

answered a *single interrogatory*. Accordingly, PNC seeks an order granting sanctions as permitted under Rule 37(b) as a result of Defendants' failure to serve disclosures and compel Defendants to produce responsive documents and serve substantive answers to interrogatories, ***without objection***, pursuant to Fed. R. Civ. P. 37(a)(3)(A) and (B). PNC also seeks recovery of its reasonable expenses incurred in filing the instant Motion.

## II.
## MOTION TO COMPEL

A. <u>Facts Related to Overdue Discovery</u>

2. During the previous Rule 26(f) conference between counsel for PNC and counsel for Defendants, the parties agreed to modify the default deadline for service of Rule 26(a) disclosures and chose to extend the deadline to November 8, 2020. The stipulation was reduced to writing and incorporated into the Joint Scheduling Report filed with the Court on October 9, 2020 [Doc. # 6]. Pursuant to paragraph five (5) of the Joint Scheduling Report [Doc. # 6] filed in the above-referenced case, Defendants agreed they would serve Rule 26(a) initial disclosure responses by November 8, 2020. Although PNC served its Rule 26(a) initial disclosures by the November 8th deadline, Defendants failed to do so.

3. Additionally, PNC served Defendants by and through their counsel of record at the time PNC's First Consolidated Request For Production of Documents and Interrogatories on October 29, 2020 (the "First Discovery Requests"). A true and correct copy of the First Discovery Requests served on counsel for Defendants are attached hereto as Exhibit "A." Additionally, a true and correct copy of the e-mail to counsel for Defendants containing the First Discovery Requests as an attachment dated October 29, 2020, is attached hereto as Exhibit "B."

4. Prior to the original deadline for Defendants to answer the First Discovery Requests, counsel for PNC and counsel for Defendants agreed to extend the response deadline to

facilitate settlement discussions and prepare for mediation, which was originally scheduled to take place on January 26, 2021. Specifically, pursuant to an e-mail exchange on January 5, 2021, counsel for PNC agreed to extend the response deadline as to all requests for production and interrogatories except for Request for Production number 26, Interrogatory numbers 15 and 17, which were due on January 6, 2021.[2] The parties agreed the remaining Requests for Production and Interrogatories would be due one week after mediation occurred on January 26, 2021.

5. However, Defendants failed to honor their agreement to provide written responses and produce responsive documents by January 6, 2021. Subsequent to the recent withdrawal of Talmage Boston as lead counsel for Defendants, Defendants have retained Abasi Major as counsel. As a result of Mr. Boston's withdrawal, the mediation with Judge Kaplan originally scheduled for January 26, 2021, was cancelled. The parties have not yet rescheduled mediation with Judge Kaplan. Had the mediation gone forward as scheduled, the remaining Requests for Production and Interrogatories would have been due on February 2, 2021.

6. PNC contends that the entirety of the First Discovery Requests are now due as a result of Defendants' failure to serve any written discovery as agreed on January 6, 2021, and Defendants' conduct necessitating the cancellation of mediation with Judge Kaplan on January 26, 2021. Nothing in PNC's informal agreement with counsel for Defendants was intended to extend the deadline of the First Discovery Requests indefinitely, and PNC seeks to compel Defendants to fully answer all Requests for Production and Interrogatories contained in the First Discovery Requests.

---

[2] The reason PNC agreed to limit the responses prior to mediation was to save money on the incurrence of attorney fees and focus on the remaining disputed matters concerning commercial reasonableness of the sale of the aircraft and other related affirmative defenses asserted by Defendants.

7. Moreover, PNC served Defendants with its Second Consolidated Requests for Production and Interrogatories on January 18, 2021 (the "Second Discovery Requests"). The Second Discovery Requests contained forty-five (45) Requests for Production and six (6) Interrogatories. The Second Discovery Requests were served on counsel for Defendants via e-mail. A true and correct copy of the e-mail dated January 18, 2021, to Defendants' counsel at the time, Talmage Boston and Greg Reigel, is attached hereto as Exhibit "D." The deadline for Defendants to serve objections and responses to the Second Discovery Requests was February 17, 2021. However, Defendants failed to serve any responses to the Second Discovery Requests.

B. *Defendants Should Be Compelled To Respond To Written Discovery*

8. Defendants have failed to serve Rule 26(a) initial disclosures, responses or objections to the First Discovery Requests, and responses or objections to the Second Discovery Requests. PNC did not agree to further extend the deadline for Defendants to provide Rule 26(a) initial disclosures or respond to the Second Discovery Requests. Additionally, as a result of Defendants failure to comply with their agreement to serve Request for Production number 26, Interrogatory numbers 15 and 17 from PNC's First Discovery Requests by January 6, 2021, Defendants should be compelled to not only answer those specific requests but also answer all written discovery contained in the First Discovery Requests.

9. If a party does not respond to discovery requests, the requesting party may file a motion to compel.[3] The consequence of a party's failure to disclose as required under Rule 26 is set forth in Rule 37 as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

---

[3] *See* Fed. R. Civ. P. 37(a)(3)(B).

> harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[4]

There is no justification for Defendants' wholesale failure to serve initial disclosures by the agreed upon deadline of November 8, 2020, and such failure was not harmless. As a result of Defendants' failure, PNC has been required to incur necessary attorneys' fees to prosecute the instant Motion, for which PNC seeks recovery under Rule 37(c)(1)(A). PNC also seeks relief under Rule 37(b)(2)(A)(ii), which if granted, would prohibit Defendants from supporting their affirmative defenses with any evidence or witnesses not properly disclosed or opposing PNC's remaining claims with any evidence or witnesses not properly disclosed, along with any additional or further relief that the Court finds is proper under the circumstances.[5]

10. Additionally, PNC seeks entry of an order compelling Defendants to fully respond to the First Discovery Requests and Second Discovery Requests in their entirety, **without objection**. If a party does not produce or permit inspection, the requesting party may move for an order compelling production or inspection.[6] Typically, had Defendants timely asserted objections, the burden would be on the "… party who opposes its opponent's request for production to 'show specifically how… each [request] is not relevant or how each [request] is overly broad, burdensome, or oppressive.'"[7] Yet, having received no objections to either the First Discovery

---

[4] Fed. R. Civ. P. 37(c)(1).
[5] Fed. R. Civ. P. 37(b)(2)(A)(ii).
[6] Fed. R. Civ. P. 37(a)(3)(B)(iv); see *R.W. International v. Welch Foods, Inc.*, 937 F.2d 11, 17-19 (1st Cir. 1991).
[7] *Merrill.*, 227 F.R.D. at 477 (N.D. Tex. 2005) (quoting *McLeod, Alexander, Power and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Requests or Second Discovery Requests, Defendants have waived all objections. Rule 33 of the Federal Rules of Civil Procedure expressly states that failure to timely respond to an interrogatory results in a waiver of any objection to such interrogatory.[8] Unlike Rule 33, Rule 34 of the Federal Rules of Civil Procedure does not expressly state that responses and objections must be stated with specificity and be timely or they are waived unless excused by the court for good cause.[9] However, courts, including the Fifth Circuit, have found that the waiver provision nonetheless applies to both Rules 33 and 34.[10]

11.   Moreover, the Court may order sanctions as a result of a party's failure to serve interrogatory responses or objections.[11] In addition to the sanctions available under Rule 37(b)(2)(A)(i)-(vi), the Court must also award the moving party its reasonable expenses, including attorneys' fees, caused by Defendants' failure to serve written discovery responses.[12] Therefore, in addition to compelling Defendants to respond to the First Discovery Requests and Second Discovery Requests, it is appropriate for the Court to award PNC is reasonable costs, including attorneys' fees, as a result of Defendants' failure to respond.

---

[8] Fed. R. Civ. P. 33 ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").
[9] Fed. R. Civ. P. 34.
[10] *See In re United States,* 864 F.2d 1153, 1156 (5th Cir.1989)("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also* 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice & Proc. Civ.2d* § 2204 (2d ed.1994)("the discovery rules constitute an integrated mechanism and they must be read *in pari materia.*"); *McLeod, Alexander, Powel and Apffel v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990)(With respect to required specificity, "We see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests."); *Hall v. Sullivan,* 231 F.R.D. 468, 473–74 (D.Md.2005)(holding that "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that failure to do so may constitute waiver of grounds not properly raised, including privilege or work product immunity unless the court excuses this failure for good cause shown."); *Drexel Heritage,* 200 F.R.D. at 258("although the plain language of Rule 34 does not expressly provide for waiver when objections are not stated, Rule 34, like Rule 33(b)(4), requires the reasons for objections to be explicitly stated. Therefore the Court finds the waiver to be an implicit one.").
[11] Fed. R. Civ. P. 37(d)(1)(A)(ii).
[12] Fed. R. Civ. P. 37(d)(3).

12. Defendants' ongoing failures to respond to written discovery have not been isolated or the result of extenuating circumstances beyond Defendants' control. Counsel for Defendants repeatedly contacted counsel for PNC discussing the deadlines associated with the First Discovery Responses. Yet, Defendants have engaged in a pattern of conduct making demands on PNC for documents and information related to PNC's claims and causes of action without having answered a single interrogatory, producing a single document, or otherwise serving Rule 26(a) initial disclosures. Defendants should not be permitted to disregard and ignore their discovery obligations while PNC timely served its Rule 26 initial disclosures and has been producing documents to counsel for Defendants voluntarily without requiring Defendants to serve formal requests for production. For all of the foregoing reasons, PNC requests the Court GRANT its Motion.

## III.
## PRAYER

WHEREFORE, PNC respectfully requests that this Court enter an Order GRANTING PNC's Motion as follows:

(a) Compelling Defendants to fully respond to the First Discovery Requests and Second Discovery Requests, without objection, within fourteen (14) days upon entry of such an order;

(b) Granting PNC's request for sanctions under Rule 37(b)(2)(A)(ii), prohibiting Defendants from offering or relying on any witness, evidence or document that was not disclosed in their Rule 26(a) disclosures to support their defenses asserted in this case, or alternatively awarding PNC any other available sanction under Rule 37(b)(2)(A);

(c) Assessing reasonable and necessary attorneys' fees in an amount to be determined by the Court should this Motion be granted pursuant the submission of a fee application or any additional briefing or documentation requested by the Court; and

(d) Granting such other and further relief to which PNC may be justly entitled.

**Respectfully Submitted,**

**PADFIELD & STOUT, LLP**
420 Throckmorton, Suite 1210
Fort Worth, Texas 76102
Phone: (817) 338-1616
Fax: (817) 338-1610


By: /s/ Mark W. Stout
Mark W. Stout
State Bar I.D.  # 24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. # 24064830
carisco@padfieldstout.com

*Attorneys for PNC Equipment Finance, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on February 18, 2021, a true and correct copy of the foregoing has been forwarded to the Defendants, by and through their counsel of record, Abasi Major, 102 9th Street, San Antonio, Texas 78215, via e-mail at amajor@phippsmayes.com.


/s/ *Christopher V. Arisco*
Christopher V. Arisco


## CERTIFICATE OF CONFERENCE

This is to certify that on February 18, 2021, I placed a call to counsel for Defendants, Abasi Major, to discuss the relief requested in this motion.  An automated response answered the call, and I left a detailed voicemail message for Mr. Major to return my call.  Shortly after the phone call concluded, I followed up by e-mail to Mr. Major.  At the time of filing this motion, I have not received a response from Mr. Major.


/s/ *Christopher V. Arisco*
Christopher V. Arisco