**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>R.A.S.H., LLC, MARTIN JOHN PHIPPS,<br>PHIPPS ANDERSON DEACON LLP,<br><br>Defendants. | CIVIL No. SA-20-CV-00942-XR |

## PLAINTIFF'S UNOPPOSED MOTION TO
## AMEND SCHEDULING ORDER WITHOUT PREJUDICE

NOW COMES PNC Equipment Finance, LLC ("PNC"), by and through its undersigned counsel, and files this Unopposed Motion to Amend Scheduling Order Without Prejudice (the "Motion") and would respectfully show the Court the following:

### I.
### RELEVANT FACTS

1.      On August 11, 2020, PNC filed its Original Complaint [Doc. #1] against defendants R.A.S.H., LLC ("RASH"), Martin John Phipps ("Phipps"), and Phipps Anderson Deacon, LLP ("PAD," collectively, the "Defendants") for breach of contract, breach of guaranty, equitable relief, and foreclosure of PNC's security interest in the following: a 1997 GULFSTREAM AEROSPACE (a/k/a GULFSTREAM on the International Registry drop down menu), Model Number G-IV (a/k/a Gulfstream G-IV (GIV-SP) on the International Registry drop down menu), Manufacturer Serial Number 1305, United States FAA Registration Number N44gv and two (2) ROLLS ROOYCE Model Number TAY MK611-8 (a/k/a TAY611 on the International Registry drop down menu) engines, Manufacturer Serial Numbers 16729 and 16730 (the "Engines"), and all corresponding log books (collectively, the "Aircraft").

2.     Following the filing of the Complaint, PNC timely filed its First Amended Complaint on August 17, 2020 [Doc. #3] in compliance with the Court's order concerning jurisdiction entered on August 13, 2020 [Doc. #2]. The First Amended Complaint clarified the PNC and Defendants have their respective principal offices or residences in different states and therefore diversity jurisdiction exists in this matter. Additionally, the First Amended Complaint added claims by PNC for recovery of attorneys' fees and conversion of the Aircraft.

3.     Defendants filed their Original Answer to PNC's First Amended Complaint on September 8, 2020 [Doc. #4]. As set forth in the Answer, Defendants asserted the affirmative defense of mitigation of damages, stating "Defendants are not responsible for the amount of damages that could have been prevented through PNC Bank's exercise of commercially reasonable conduct which would have substantially mitigated its damages."

4.     Subsequent to the filing of the First Amended Complaint, PNC was able to repossess, secure, re-market and sell the Aircraft at a public auction. Specifically, after proper notice of sale was served on the Defendants and other third-party entities entitled to receive notice, the Aircraft was sold during an online public auction which began on November 12, 2020 and closed on November 17, 2020 and produced gross sales proceeds of $2,800,000.00. PNC served counsel for Defendants with an itemized calculation of the legal debt and expenses current as of December 14, 2020, which showed that as of November 17, 2020, a surplus in the amount of $495,315.59 existed.

5.     Upon Defendants' review of the itemized expenses incurred by PNC to secure, market, and sell the Aircraft at a public auction, a dispute has arisen as to whether the expenses incurred by PNC were commercially reasonable. The parties have been unable to reach an agreement that would permit PNC to release the surplus funds since PNC continues to accrue

attorneys' fees as a result of the Defendants' allegations that PNC failed to mitigate its damages and/or failed to dispose of the Aircraft in a commercially reasonable manner.

6.     PNC filed a Second Amended Complaint on December 22, 2020 [Doc. #19], following the filing of Defendants' Notice of Withdrawal of Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint on December 21, 2020 [Doc. # 17]. The Second Amended Complaint contained an additional cause of action for Declaratory Judgment under Fed. R. Civ. P. 57 with respect to the parties' rights and legal obligations related to the amount of the surplus owed to RASH.

7.     Pursuant to the Scheduling Order entered in the above-styled case [Doc. #9] (the "Scheduling Order" on October 7, 2020, the deadline for parties to complete all discovery is March 31, 2021, and all discovery must be served sufficiently ahead of the discovery deadline to permit the party from whom discovery is sought to respond within the time periods contemplated by the Federal Rules of Civil Procedure. However, Defendants have failed to timely serve full responses to Plaintiff's First Consolidated Request for Production of Documents and Interrogatories served on October 29, 2020 (the "First Discovery Requests") and the Second Consolidated Request for Production and Interrogatories served on January 18, 2021 (the "Second Discovery Requests").

8.     On March 17, 2021, counsel for Plaintiffs requested available dates for the deposition of Martin John Phipps from counsel for Defendants.  Despite PNC's desire to take the oral deposition of Mr. Phipps prior to the expiration of the discovery deadline of March 31, 2021, counsel for Defendants has advised that Mr. Phipps will not voluntarily submit to a deposition under any circumstances.  Further, Defendants' counsel is aware that PNC prefers to first review responsive discovery and documents prior to taking Mr. Phipps' deposition, but was unwilling to

agree that Mr. Phipps' deposition could be taken after PNC's initial discovery was completed, which is ordered to be *after* the March 31st discovery deadline.

9.     On March 23, 2021, the Court heard arguments in support of PNC's Motion to Compel Rule 26 Initial Disclosures, Production of Documents, and Substantive Interrogatory Responses From Defendants dated February 18, 2021 [Doc. #24]. PNC's Motion was Granted in Part and Denied in Part. As of the date of filing of this Motion, Defendants are in the process of serving amended responses to First Discovery Requests and Second Discovery Requests, which are due April 5, 2021. Such responses and production will require thorough analysis and may require follow up discovery based on the issues in the case that will exceed the Scheduling Order's discovery deadline of March 31, 2021.  Further, although Plaintiff unilaterally scheduled Martin John Phipps' deposition for March 31, 2021, it is anticipated that the deposition will be quashed, resulting in the need for the parties to reschedule or compel Mr. Phipps' deposition for a later date.

10.    Defendants are unopposed to the relief sought in this Motion to extend the discovery period by forty-five (45) days.  Specifically, Abasi Major advised counsel for Plaintiff pursuant to a phone call on March 24, 2021, that he was unopposed to extending the completion of discovery deadline by forty-five (45) days.  Accordingly, Plaintiff seeks a forty-five (45) day extension of the deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) of March 31, 2021, the discovery deadline of March 31, 2021, and the pre-trial and dispositive motions deadline of April 12, 2021, pursuant to a separate amended scheduling order to be issued by the Court. However, given the pending dispute with respect to Plaintiff's First Consolidated Discovery, Second Consolidated Discovery, and related issues surrounding Martin John Phipps' oral deposition, Plaintiff reserves the right to seek any additional extension depending on when

Defendants fully comply with the written discovery obligations pursuant to the Court's Order concerning PNC's Motion to Compel [Doc. #24].

## II.
## ARGUMENTS & AUTHORITIES

11.     Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The party seeking the modification must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Financial Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). A court considers four factors when deciding whether to modify a scheduling order: "(1) the explanation for failure to timely [meet the deadlines]; (2) the importance of the [request to modify the deadlines]; (3) potential prejudice in allowing the [modification to the deadline]; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). A trial court has "broad discretion to preserve the integrity and purpose of the pretrial order, which, toward the end of court efficiency, is to expedite pretrial procedure." *Id.* at 535 (citations omitted).

### A. Amending The Scheduling Order Will Facilitate All Parties In Meeting Remaining Deadlines

12.     Plaintiff files this Motion in advance of the March 31, 2021 discovery deadline. Therefore, this Motion is timely filed for consideration prior to the expiration of the deadlines. Written discovery is not yet complete, and Plaintiff currently has responses to Rule 26(a) initial disclosures, and the First Discovery Requests, the Second Discovery Requests, and the Third Discovery Requests, still pending.

13.     Further, Plaintiff has sought to depose Defendant Phipps. Plaintiff prefer to complete written discovery as to Defendant Phipps prior to taking the deposition. Even after the Court's partial granting of Plaintiff's Motion to Compel, the parties will be unable to accomplish

all remaining written discovery before March 31st in addition to scheduling and completing depositions. Plaintiff believes that extending the current deadline by approximately forty-five (45) days should be sufficient to allow for the parties to complete both written discovery and oral depositions.

**B.  Importance of Request to Modify Deadlines**

14.    Granting an additional forty-five (45) days for the parties to conduct written discovery and complete depositions will provide Plaintiff with a full and fair opportunity to fully investigate their claims for declaratory judgment, breach of contract, breach of guaranty, equitable relief, foreclosure of PNC's security interest, and attorney fees.  Plaintiff has not yet obtained all relevant documents that are both necessary and critical to Plaintiff's presentation of its case. Modifying the deadlines in the Scheduling Order as requested herein would assist in an orderly administration of this case and allow the parties to better prepare for trial.

**C.  Modifying Deadlines Will Not Result In Prejudice**

15.    There are no reasons such as undue delay, bad faith, dilatory motive on the part of the Plaintiff, or undue prejudice to permit the requested amendment of the Scheduling Order.  *See, e.g., Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982).  Moreover, this Motion is unopposed by all defendants in this matter, and none have expressed any concern that modifying the deadlines in the Scheduling Order will lead to prejudice or hardship.

### III.
### CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion without prejudice and extend all remaining deadlines with respect to filing supplemental reports as required under Fed. R. Civ. P. 26(e) , the discovery deadline, and the pre-trial and dispositive motions deadline as set forth in the Scheduling Order by approximately forty-five (45)

days, and issue a new scheduling order consistent with the relief sought herein, along with all other

and additional relief to which Plaintiff may justly be entitled.

**Respectfully Submitted,**

**PADFIELD & STOUT, LLP**
420 Throckmorton, Suite 1210
Fort Worth, Texas 76102
Phone: (817) 338-1616
Fax: (817) 338-1610

By:  /s/ Christopher V. Arisco
Mark W. Stout
State Bar I.D.  # 24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. # 24064830
carisco@padfieldstout.com

*Attorneys for PNC Equipment Finance, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 25, 2021, a true and correct copy of the foregoing has been forwarded to the Defendants, by and through their counsel of record, Abasi Major, 102 9th Street, San Antonio, Texas 78215, via e-mail at amajor@phippsmayes.com.

<u>/s/ *Christopher V. Arisco*</u>
Christopher V. Arisco

## <u>CERTIFICATE OF CONFERENCE</u>

       This is to certify that on March 24, 2021, I spoke with counsel for Defendants, Abasi Major, to discuss the relief requested in this motion.  Mr. Major advised he was unopposed to extending the March 31st, 2021, discovery deadline by forty-five (45) days.

<u>/s/ *Christopher V. Arisco*</u>
Christopher V. Arisco